NO. 07-03-0153-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 6, 2003

______________________________

CAROL CHAVARRIA, APPELLANT

V.

THE STATE OF TEXAS, DEFENDANT CREDITOR AND PAUL DRAGER, CONSTABLE, PRECINCT 1, HALE COUNTY, TEXAS DEFENDANT, APPELLEES

_________________________________

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A29526-9712; HONORABLE JACK R. MILLER, JUDGE

_______________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Pending before this Court is Carol Chavarria’s motion for voluntary dismissal by which she represents the parties have reached an agreement to settle and compromise their differences.  Without passing on the merits of the case, the motion is granted and the appeal is hereby dismissed.  Tex. R. App. P. 42.1(a)(1).  Having dismissed the appeal at Chavarria’s request, no motion for rehearing will be entertained and our mandate will issue forthwith.

Don H. Reavis

    Justice

å8ÆåßÑse
 response or brief.  Nor has he moved for another extension.     

In compliance with the principles enunciated in 
Anders
, appellate counsel discussed one potential area for appeal which concerned an objection regarding the prosecutor testifying for the State’s witness.  However, appellate counsel points out that trial counsel did not request an instruction nor a mistrial; thus, the issue was not preserved for review.  Furthermore, appellate counsel discusses each phase of the trial, 
i.e.
 indictment, pretrial motions, the stipulation of evidence and sentencing, and thereafter concluded that no issues were presented for appeal.

So too have we conducted an independent review of the record to determine whether there existed reversible error and found none.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review). Appellant was stopped while riding his bicycle for failing to obey the traffic laws.  During the attempt to stop appellant, the arresting officers observed appellant throw a metallic object to the ground.  After retrieving the object, which was a pill bottle, the officers found “crack” cocaine inside.  At trial, appellant stipulated to the chain-of-custody and that the bottle contained over one gram of cocaine but less than four grams.  There were no objections to the jury charge, and we have found no egregious harm caused by anything in the charge.  Furthermore, the punishment assessed, seven years in prison, was within that prescribed by law.  
Tex. Pen. Code Ann
. §12.42(a)(3) (Vernon 2003). 

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed. 

Brian Quinn

   Justice

Do not publish.